KAREN L. MATTESON (Cal. Bar No. 102103)
Email:  mattesonk@sec.gov
JACOB A. REGENSTREIF (Cal. Bar No. 234734)
Email:  regenstreifj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele W. Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone:  (323) 965-3998
Facsimile: (323) 965-3908

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EFSTRATIOS "ELIAS" D. ARGRYROPOULOS, AND PRIMA CAPITAL GROUP, INC.,<br><br>                    Defendants. | Case No. 2:14-cv-9800 RGK (JPRx)<br><br>**[~~PROPOSED~~] JUDGMENT AS TO DEFENDANTS EFSTRATIOS "ELIAS" D. ARGRYROPOULOS AND PRIMA CAPITAL GROUP, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendants Efstratios "Elias" D. Argyropoulos and Prima Capital Group, Inc. ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, unless they are registered with the SEC in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), making use of the mails, or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills), in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

///

///

2

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains and prejudgment interest thereon, and Argyropoulos shall also pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amounts of disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from October 25, 2013, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Argyropoulos, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Argyropoulos under this

3

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Argyropoulos of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

Dated: January 05, 2015

_____
UNITED STATES DISTRICT JUDGE

4