# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EFSTRATIOS "ELIAS" ARGYROPOULOS and PRIMA CAPITAL GROUP, INC.,<br><br>Defendants. | Case No. 2:14-cv-9800 RGK (JPRx)<br><br>**[PROPOSED] FINAL JUDGMENT AGAINST DEFENDANTS EFSTRATIOS "ELIAS" ARGYROPOULOS AND PRIMA CAPITAL GROUP, INC.** |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendants Efstratios "Elias" D. Argyropoulos ("Argyropoulos") and Prima Capital Group, Inc. (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of a Judgment imposing a permanent injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from that Judgment, entered on January 6, 2015 (Dkt. No. 5), and the Court, having considered all of the evidence and arguments presented by the parties with regard to the motion by Plaintiff SEC for determination of disgorgement and civil penalties against the Defendants, and having granted the SEC's motion:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, unless they are registered with the SEC in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), making use of the mails, or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers'

acceptances, or commercial bills), in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $1,495,657, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $84,239.59 for a total of $1,579,896.59. Defendants shall satisfy this obligation by paying $1,579,896.59 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying the Defendant by name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the

administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Argyropoulos shall pay a civil penalty in the amount of $1,495,657 to the Securities and Exchange Commission pursuant to Section 20(d)(2)(C) of the Securities Act, 15 U.S.C. § 77t(d)(2)(C), and Section 21(d)(3)(B)(iii)of the Exchange Act, 15 U.S.C. § 78u(d)(3)(B)(iii).  Defendant Argyropoulos shall make this payment within 14 days after entry of this Final Judgment.  Defendant Argyropoulos may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Argyropoulos as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant Argyropoulos shall simultaneously transmit photocopies of evidence of payment and case

4

identifying information to the SEC's counsel in this action. By making this payment, Defendant Argyropoulos relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Argyropoulos. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Argyropoulos shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant Argyropoulos, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Argyropoulos under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Argyropoulos of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

Dated: September 29, 2015

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

5